WHITE, *et al, vs.* WHITE, *et al.—December,* 1835.

Upon a bill filed by some of the heirs of a deceased person, against other heirs, for the sale of the deceased's real estate, upon the ground that it would not admit of an advantageous division, and that the interest of all parties concerned would be promoted by a sale, in respect to which there was no controversy between the parties, it was held, that Chancery had no jurisdiction to decree a sale of land in another State.

The absence of the power to enforce a decree, or to compel a compliance with its mandates, is a good test of the jurisdiction of the court of Chancery.

Chancery cannot decree *in rem*, when the thing against which the decree goes, and is alone the subject of, and to be operated upon by it, is beyond its territorial jurisdiction.

Where a decree is *in personam*, and may be carried into effect by process of contempt, Chancery may have jurisdiction, although it should affect land in another *State*, as in a case of trust, fraud, or contract—specific performance of a contract affecting land in another *State*. The defendant being in the State, or the land being in the State, and the defendant being out of it.

APPEAL from the court of Chancery

The present bill was filed on the 22d November, 1833, by the appellants, a portion of the heirs and representatives of *Abraham White*, against the appellees, who stand in the same relation to the deceased, for the purpose of selling his real estate, legal and equitable, for distribution among them, upon the ground, that it would not admit of an advantageous division, and that the interests of all the parties concerned would be promoted by such a proceeding.

The bill, the statements of which, were admitted by the answers alleged, that a part of said estate was situate in the city of *Baltimore*, in *Maryland*, and another part in the State of *Pennsylvania.*

The sale of the whole was prayed for, that the proceeds might be distributed as aforesaid, after deducting therefrom, the amount of an unsatisfied mortgage upon the *Baltimore* property, executed by the deceased in his life time.

The cause was submitted upon the bill and answers, and *Bland*, Chancellor, on the 7th of January, 1834, decreed that, "as to the lands in the proceedings mentioned, lying and being within the State of *Pennsylvania*, and beyond the jurisdiction of this State," the bill be dismissed with costs; limiting his decree for a sale to that portion of the property, which lies within this State.

The appeal was from so much of the decree as dismissed the bill, which came on to be heard before BUCHANAN, Ch. J., and STEPHEN, ARCHER, CHAMBERS, and SPENCE, Judges.

T. P. SCOTT for the appellants contended—

1. That the court of Chancery had jurisdiction over the whole subject mentioned in the bill, and should have decreed according to the prayer. *Carroll vs. Lee, Adr.* 3 *G. and J.* 509. *Penn vs. Lord Baltimore,* 1 *Ves. Sr.* 154. *Lord Cranstown vs. Johnston,* 3 *Ves. Jr.* 182, 183. *White vs. Hall,* 12 *Ves.* 321. 1 *Harr. Ch. Pr.* 47, 48. *Massie vs. Watts,* 6 *Cranch* 148. 2 *Peters' Cond. Rep.* 332, 333.

White *vs.* White.—1835.

The law of descents from parents to children, is the same in *Pennsylvania*, as in *Maryland*, so that the rule of making distribution according to the *ex loci sitæ*, cannot interfere with this case. We do not dispute the *order of succession*, but say, that the debt charged on the estate for the use of one of the heirs, ought to be taken from his share; and to this he has assented by his answer.

No counsel argued for the appellees.

BUCHANAN, Ch. J. delivered the opinion of the court.

The bill in this case was filed for the sale of the real estate of *Abraham White*, deceased, and the distribution of the proceeds among his heirs, after deducting the amount of a subsisting lien, by mortgage, on a part of it; on the ground that it will not admit of an advantageous division, and that it would be to the advantage of all the parties interested, that it should be sold, which is admitted by the answers. A tract of land, part of this estate, is stated in the bill, to lie in the State of *Pennsylvania*, as to which the chancellor dismissed the bill for the want of jurisdiction, and decreed a sale of that portion of the property, which lies in this State, appointing a trustee for that purpose. And the only question is, whether he should not also have decreed a sale by the trustee, of the tract of land in *Pennsylvania*.

It would be rather an idle thing in Chancery, to entertain jurisdiction of a matter not within its reach, and make a decree which it could have no power to enforce, or to compel a compliance with. And the absence of that very power is a good test, by which to try the question of jurisdiction. It would be a solecism to say, that the chancellor has jurisdiction to decree *in rem*, where the thing against which the decree goes, and is alone the subject of, and to be operated upon by it, is beyond the territorial jurisdiction of the Chancery court, and not subject to its authority, and the decree if passed, would itself be nugatory for the want of power, or jurisdiction to give it effect. Chancery can have no jurisdiction, where it can give no relief. Now what jurisdiction

has the Chancery court of *Maryland* over lands lying in a foreign country, or in another State; and having no jurisdiction of lands so situated, what authority has it to decree a sale of them, and impart to its trustee authority to go into such State, or foreign country, to carry its decree into effect, by making sale of them.

It is true, that where the decree sought, is *in personam*, and may be carried into effect by process of contempt, the court of Chancery here, may have jurisdiction, although it may affect land lying in another State, the defendant being in the State of *Maryland*, as in a case of trust, or fraud, or of contract. As where a bill is filed against a person in this State, for the specific performance of a contract, or agreement, relating to land in another State. In such a case, the decree does not act directly upon the land, but upon the defendant here, and within the jurisdiction of the court. So where the land itself, that is sought to be affected, lies within the State, and the proceedings are against a person residing out of the State.

But in this case, the bill seeks a sale of land in *Pennsylvania*, not within the jurisdiction of the court of Chancery of *Maryland*; and the decree if made would not be *in personam*, but for the sale of the land, through the instrumentality of a trustee, and could not be enforced by any process from that court. It is not like the case of *Penn vs. Lord Baltimore*, 1 *Ves. Sr.* 444, where the bill was for the specific performance of articles concerning the boundaries of the then provinces of *Maryland*, and *Pennsylvania*, Lord *Baltimore* the defendant being in *England*, and subject to the compulsory process of Chancery there. Nor like the other cases to be found in the English Chancery reports, affecting lands not lying in *England*, where the proceedings were *in personam*, the defendants residing there, and subject to process of contempt, &c.

DECREE AFFIRMED WITH COSTS.